IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2017

**STATE OF TENNESSEE v. MARCUS THOMAS**

**Appeal from the Criminal Court for Shelby County**
**No. 13-01979    James M. Lammey, Jr., Judge**

_____

**No. W2017-00692-CCA-R3-CD**

_____

The defendant, Marcus Thomas, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2013 Shelby County Criminal Court guilty-pleaded convictions of aggravated robbery.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Marcus Thomas, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 10, 2013, the defendant pleaded guilty to two counts of aggravated robbery in exchange for the dismissal of his additional charges of unlawful possession of a controlled substance with intent to sell and unlawful possession of a controlled substance with intent to deliver.  On that same date, the trial court accepted the plea and imposed two consecutive sentences of eight years' confinement to be served at 85 percent by operation of law.

On February 14, 2017, the defendant moved the trial court pursuant to Rule 36.1 to correct his sentence, arguing that the evidence was insufficient to support his convictions and that his guilty pleas were not knowingly and voluntarily entered.  The trial court summarily dismissed the motion via a written order filed on March 7, 2017.

In this appeal, the defendant reiterates his claim of entitlement to Rule 36.1 relief, generally challenging the sufficiency of the factual basis underlying his guilty pleas and arguing that his pleas were therefore not knowingly and voluntarily entered.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, the defendant pleaded guilty to two counts of aggravated robbery, which are Class B felonies. The 8-year sentences imposed for those convictions were authorized at the time of the offenses and do not contravene any applicable statute. *See* T.C.A. § 40-35-112(a)(1). The defendant's claim regarding the sufficiency of the factual basis underlying his guilty pleas is merely an attack on his convictions, which would not affect the legality of his sentence and would not, therefore, be cognizable in a Rule 36.1 proceeding. Similarly, a claim of an unknowing and involntary guilty plea is not a cognizable claim for relief under Rule 36.1

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE